UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re:                                        :        CASE NO.: 14-19202-RAM
                                              :
MARELY LEON,                                  :        CHAPTER 7
                                              :
     Debtor.                                  :
                                              :
_____/

## MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY

COMES NOW, Maria Yip (hereinafter "the Trustee"), and files this Motion to Approve Stipulation to Compromise Controversy in the above-styled case, and states as follows:

1. The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on April 23, 2014 (the "***Petition Date***") and Maria Yip is the duly appointed Chapter 7 Trustee.

2. In connection with the §341 Meeting of Creditors and the Rule 2004 Examination of the Debtor, the Trustee discovered that the Debtor owns an interest in two (2) real properties in Colombia which were not listed on Schedule A of the Bankruptcy Petition, and the Debtor estimates the aggregate value of the properties at $12,000.00 (U.S. Dollars).

3. On July 25, 2014, the Trustee filed an Adversary case against the Debtor (Yip v. Leon, Adv. Case No. 14-01560-LMI) objecting to the Debtor's discharge pursuant to §§727(a)(2)(A) and 727(a)(4)(A) (the "***Discharge Adversary***").

4. The Debtor's counsel of record in this case was permitted leave of court to withdraw on September 2, 2014 [D.E. 36], and subsequent to that time the Debtor has been in communication with the Trustee's Counsel in an effort to resolve this matter without the need for further litigation.

5. Upon the advice of counsel, and in her business judgment, the Trustee believes it is in the best interest of the Estate to enter into this settlement agreement and seek dismissal of

the Discharge Adversary based on the following: (i) the debtor would testify that she did not receive adequate advice and representation from her prior counsel in this case, which has caused the resulting apparent nondisclosures; (ii) the debtor would testify that the Trustee's settlement offer made prior to the filing of the Discharge Adversary was never conveyed to her; (iii) the debtor would testify that she has not omitted any information, or transferred any property, with the intent to hinder, delay or defraud creditors or the Trustee; and (iv) Amended Schedule F [D.E. 24] of the bankruptcy petition reflects $28,684.00 in scheduled unsecured debts,[1] which means that the Debtor would be paying a substantial amount of her unsecured debts.

6. In an effort to avoid the high cost and uncertainties of litigation, the parties desire to settle all the matters in this case and have all signed the Stipulation to Compromise Controversy that is enclosed as Exhibit "1".

7. Under the terms of the Stipulation, the Debtor will pay the Trustee a total sum of $15,000.00 to be paid in Fifteen (15) equal monthly payments of $1,000.00 to be made on the 24th day of each month starting on October 24, 2014 and ending on December 24, 2015.

8. The payments will be by cashier's checks or money orders made payable to the order of Maria Yip, Trustee and mailed to the Trustee's office at: 2 S. Biscayne Blvd. #2690, Miami, FL 33131. Each cashier's check or money order should clearly state the name of the Debtor and the case number.

9. As part of this Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the

---

[1] Since no claims bar date has been set as of the date of this Stipulation, the actual amount of timely filed unsecured claims may in fact be lower than the amount reflected on Amended Schedule F.

2

Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

10. If the Debtor complies with all the terms of this Stipulation, she will keep all the real and personal property listed on the Bankruptcy Schedules unless it was her intent to surrender such property.

11. As part of this Settlement, the Trustee will prepare and submit an Agreed dismissing the pending Discharge Adversary (*Yip v. Leon*, Adv. Case No. 14-01560-LMI) with prejudice. Each party shall bear their own attorney's fees and costs.

12. If the Debtor complies with all the terms of this Stipulation, the Trustee will not pursue any of the potential preference actions that may exist in this case.

13. This Stipulation resolves all issues between the Trustee, and Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

14. If the Debtor fails to timely make any of the payments described in paragraph 7, then after ten (10) days written notice faxed or mailed to the Debtor, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge without any objections from the Debtor.

15. In the event that the Debtor fails to comply with all the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set

forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtor's discharge will not be revoked without a hearing.

16. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides: "On motion by the trustee and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."

17. "[A]pproval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988)(Cristol, J.) (citing *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied, 306 U.S. 636 (1939). The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 B.R. at 891 (quoting *Teltronics Servs.*, 762 F.2d at 189; *Cosoff v. Rodman (In re W. T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983).

18. Based on the specific facts and circumstances of this case, the Trustee has determined that $15,000.00 would be a reasonable settlement amount in this case. The Trustee respectfully submits that application of these principles leads to the conclusion that the Stipulation, enclosed as Exhibit "1", should be approved with the Court retaining jurisdiction to enforce the terms of the settlement.

4

19.     Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit 2.

**WHEREFORE**, the Trustee respectfully requests the entry of an Order (a) granting this motion; (b) approving the stipulation to compromise controversy with the Debtor; (c) granting such other and further relief as this Court deems appropriate.

Respectfully submitted this  6  day of October, 2014.

>ROBERT A. ANGUEIRA, P.A.
>6495 S.W. 24th Street
>Miami, Florida 33155
>Tel. (305) 263-3328
>Fax (305) 263-6335
>e-mail rangueir@bellsouth.net
>
>By _____
>ROBERT A. ANGUEIRA
>Florida Bar No. 0833241

5

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re: : CASE NO.: 14-19202-RAM
:
MARELY LEON, : CHAPTER 7
:
Debtor. :
_____/

## STIPULATION TO COMPROMISE CONTROVERSY

This Stipulation is entered into between Maria Yip (the "*Trustee*"), and Marely Leon (the "*Debtor*"), on this 24th day of September, 2014.

WHEREAS, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on April 23, 2014 (the "*Petition Date*") and Maria Yip is the duly appointed Chapter 7 Trustee;

WHEREAS, in connection with the §341 Meeting of Creditors and the Rule 2004 Examination of the Debtor, the Trustee discovered that the Debtor owns an interest in two (2) real properties in Colombia which were not listed on Schedule A of the Bankruptcy Petition, and the Debtor estimates the aggregate value of the properties at $12,000.00 (U.S. Dollars);

WHEREAS, on July 25, 2014, the Trustee filed an Adversary case against the Debtor (Yip v. Leon, Adv. Case No. 14-01560-LMI) objecting to the Debtor's discharge pursuant to §§727(a)(2)(A) and 727(a)(4)(A) (the "*Discharge Adversary*");

WHEREAS, the Debtor's counsel of record in this case was permitted leave of court to withdraw on September 2, 2014 [D.E. 36], and subsequent to that time the Debtor has been in communication with the Trustee's Counsel in an effort to resolve this matter without the need for further litigation;


TRUSTEE EXHIBIT 1

Case No.: 14-19202-RAM

WHEREAS, upon the advice of counsel, and in her business judgment, the Trustee believes it is in the best interest of the Estate to enter into this settlement agreement and seek dismissal of the Discharge Adversary based on the following: (i) the debtor would testify that she did not receive adequate advice and representation from her prior counsel in this case, which has caused the resulting apparent nondisclosures; (ii) the debtor would testify that the Trustee's settlement offer made prior to the filing of the Discharge Adversary was never conveyed to her; (iii) the debtor would testify that she has not omitted any information, or transferred any property, with the intent to hinder, delay or defraud creditors or the Trustee; and (iv) Amended Schedule F [D.E. 24] of the bankruptcy petition reflects $28,684.00 in scheduled unsecured debts,[1] which means that the Debtor would be paying a substantial amount of her unsecured debts;

WHEREAS, in an effort to avoid the high cost and uncertainties of litigation, the parties desire to settle all the matters in this case; and

WHEREAS, the parties desire to set forth herein the terms and conditions of their settlement;

NOW, THEREFORE, in consideration of the mutual promises of the parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties, the parties agree to the following:

1. The Debtor will pay the Trustee a total sum of $15,000.00 to be paid in Fifteen (15) equal monthly payments of $1,000.00 to be made on the 24th day of each month starting on October 24, 2014 and ending on December 24, 2015.

---

[1] Since no claims bar date has been set as of the date of this Stipulation, the actual amount of timely filed unsecured claims may in fact be lower than the amount reflected on Amended Schedule F.

2.      The payments will be by cashier's checks or money orders made payable to the order of Maria Yip, Trustee and mailed to the Trustee's office at: 2 S. Biscayne Blvd. #2690, Miami, FL 33131. Each cashier's check or money order should clearly state the name of the Debtor and the case number.

3.      As part of this Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

4.      If the Debtor complies with all the terms of this Stipulation, she will keep all the real and personal property listed on the Bankruptcy Schedules unless it was her intent to surrender such property.

5.      As part of this Settlement, the Trustee will prepare and submit an Agreed dismissing the pending Discharge Adversary (Yip v. Leon, Adv. Case No. 14-01560-LMI) with prejudice. Each party shall bear their own attorney's fees and costs.

6.      If the Debtor complies with all the terms of this Stipulation, the Trustee will not pursue any of the potential preference actions that may exist in this case.

7.      This Stipulation resolves all issues between the Trustee, and Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

Case No.: 14-19202-RAM

8. If the Debtor fails to timely make any of the payments described in paragraph 1, then after ten (10) days written notice faxed or mailed to the Debtor, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge without any objections from the Debtor.

9. In the event that the Debtor fails to comply with all the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtor's discharge will not be revoked without a hearing.

10. This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

11. The Trustee has accepted this settlement subject to this Court's approval.

12. All parties are represented by counsel or have the opportunity to be represented by counsel and all parties have had an opportunity to seek advice from counsel prior to executing

4

Case No.: 14-19202-RAM

this stipulation.

13. Time is of the essence as to all deadlines within this stipulation.

14. This agreement represents the full and complete understanding of the parties.

15. The Trustee believes that this agreement is in the best interest of the estate.

16. This agreement may be signed in counterparts.

17. The Bankruptcy Court will retain jurisdiction to enforce the terms of this settlement.

_____  09-24-14
MARELY LEON             DATE
DEBTOR

_____  9/24/14
MARIA YIP, Trustee       DATE
TRUSTEE

5

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re:                                              :         CASE NO.: 14-19202-RAM
                                                    :
MARELY LEON,                                        :         CHAPTER 7
                                                    :
    Debtor.                                         :
_____/

### ORDER GRANTING TRUSTEE'S MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY

THIS MATTER came to the Court on the Chapter 7 Trustee's Motion to Approve Stipulation to Compromise Controversy (C.P. #xx) (hereinafter "the Motion"), on notice to all interested parties and creditors, pursuant to the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court, and the Court, having reviewed the file, the Motion and the record herein, good cause having been shown, and being otherwise duly advised in the premises, does hereby

**ORDERED AND ADJUDGED** that:

1.      The Motion is **GRANTED** and the settlement is **APPROVED**.



2.  The Debtor will pay the Trustee a total sum of $15,000.00 to be paid in Fifteen (15) equal monthly payments of $1,000.00 to be made on the 24th day of each month starting on October 24, 2014 and ending on December 24, 2015.

3.  The payments will be by cashier's checks or money orders made payable to the order of Maria Yip, Trustee and mailed to the Trustee's office at: 2 S. Biscayne Blvd. #2690, Miami, FL 33131. Each cashier's check or money order should clearly state the name of the Debtor and the case number.

4.  As part of this Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

5.  If the Debtor complies with all the terms of this Stipulation, she will keep all the real and personal property listed on the Bankruptcy Schedules unless it was her intent to surrender such property.

6.  As part of this Settlement, the Trustee will prepare and submit an Agreed dismissing the pending Discharge Adversary (Yip v. Leon, Adv. Case No. 14-01560-LMI) with prejudice. Each party shall bear their own attorney's fees and costs.

7.  If the Debtor complies with all the terms of this Stipulation, the Trustee will not pursue any of the potential preference actions that may exist in this case.

8. This Stipulation resolves all issues between the Trustee, and Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

9. If the Debtor fails to timely make any of the payments described in paragraph 2, then after ten (10) days written notice faxed or mailed to the Debtor, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge without any objections from the Debtor.

10. In the event that the Debtor fails to comply with all the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtor's discharge will not be revoked without a hearing.

11. The settlement proceeds of $15,000.00 are attributable to the two undisclosed properties owned by the Debtor in Colombia.

12. The Court retains jurisdiction to enforce the terms of this settlement.

###

Submitted by:

ROBERT A. ANGUEIRA, P.A.
6495 S.W. 24th Street
Miami, Florida 33155
Tel. (305) 263-3328
Fax (305) 263-6335
e-mail: robert@rabankruptcy.com

Copies furnished to:
Robert A. Angueira, Esq.

*(Attorney Robert Angueira is directed to serve copies of this Order upon the Debtor, Debtor's attorney, Trustee, U.S. Trustee and all parties who have requested notice, and to file a Certificate of Service with the Court confirming such service.)*

4

Case No.: 14-19202-RAM

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was served by U.S. mail on this 6 day of October, 2014, to all parties on the enclosed mailing matrix.

I CERTIFY that a true and correct copy of the foregoing was served via the Notice of Electronic Filing on this 6 day of October, 2014, to:

- Robert A Angueira    rangueir@bellsouth.net, susan@rabankruptcy.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Robert Sanchez    court@bankruptcyclinic.com, courtECFmail@gmail.com
- Maria Yip    trustee@yipcpa.com, myip@ecf.epiqsystems.com

ROBERT A. ANGUEIRA, P.A.
6495 S.W. 24th Street
Miami, Florida 33155
Tel. (305) 263-3328
Fax (305) 263-6335
e-mail rangueir@bellsouth.net

By _____
ROBERT A. ANGUEIRA
Florida Bar No. 0833241

6



Case 14-19202-RAM

American Epxress
POB 650448
Dallas, TX 75265-0448

AmeriCredit Financial Services, Inc. dba GM
P O Box 183853
Arlington, TX 76096-3853

(p)CITIBANK
PO BOX 790034
ST LOUIS MO 63179-0034

(p)AMERICREDIT
PO BOX 183853
ARLINGTON TX 76096-3853

Aventura Hospital
POb 9060
Clearwater, FL 33758-9060



(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Chase
POB 24696
Columbus, OH 43224-0696

Discover
POB 71084
Charlotte, NC 28272-1084

Inphynet Contracting Service
POB 740022
Cincinnati, OH 45274-0022

JC Penney
P.O. BOX 960090
Orlando, FL 32896-0090

Memorial Hospital
POB 538522
Atlanta, GA 30353-8522

Santander Bank, N.A.
601 Penn Street
Reading, PA 19601-3553

Sierra Ridge E-1
c/o The Continental Group, Inc.
21300 NE 10 Avenue
Miami, FL 33179-1130



Marely Leon
21220 NE 9th Place #3
Miami, FL 33179-1287



